# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**NATHANIEL E. ELLIS,**
**Claimant Below, Petitioner**

**vs.)    No. 18-0081**  (BOR Appeal No. 2052174)
(Claim No. 2016027518)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Nathaniel Ellis, by, his attorney, Reginald Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review. Spartan Mining Company, by Sean Harter, its attorney, filed a timely response.

The issues on appeal are temporary total disability benefits and medical treatment. On January 4, 2017, the claims administrator closed Mr. Ellis' claim for temporary total disability benefits. On February 13, 2017, the claims administrator denied a request from Dr. McCleary for a right knee MRI. The Office of Judges reversed both of the decisions in its August 3, 2017, Order. The Order was reversed and vacated by the Board of Review on January 8, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ellis, a utility man, was injured when he tripped while getting into a scoop and twisted his right knee on April 30, 2016. He was treated in the emergency room Logan General Hospital for right knee pain. He was diagnosed with a right knee sprain. On May 25, 2016, the claim was held compensable for a right knee sprain.

A June 3, 2016, right knee MRI revealed no evidence of internal derangement. All of the ligaments, tendons, and menisci were intact. Robert McCleary, D.O., performed a right knee arthroscopic fat pad debridement on July 21, 2016. The pre-operative diagnosis was sprain of the

1

right knee. The post-operative diagnosis was right knee anterior friction fat pad syndrome. Mr. Ellis underwent a functional capacity evaluation on September 28, 2016, which showed he was able to work at a medium to heavy physical demand level and that he may have significant difficulty or limitation if required to walk or bend over for prolonged periods. The evaluation also showed right quadriceps weakness; mildly antalgic gait pattern; and decreased ability to climb stairs, perform bent over walking as if in coal mines, and perform activities that required him to bend his right knee. Work conditioning was recommended.

Marsha Bailey, M.D., performed an independent medical evaluation on November 10, 2016. She noted that Mr. Ellis complained of mild pain, right knee instability, and the inability to fully extend his right knee due to pain. He reported that the surgery resolved his original right knee pain, improved his range of motion, and improved the frequency of his right knee giving out. Mr. Ellis had been unable to return to his pre-injury work duties, but believed he would be able to do so after he completed the work hardening. On examination, Mr. Ellis had no soft tissue swelling or effusion of the knee. He was tender to palpation. Strength was symmetrical in both knees. His right knee has 120 degrees of flexion and four degrees of extension. His left knee had 120 degrees of flexion and two degrees of extension. Dr. Bailey diagnosed resolved right knee sprain and strain and opined that Mr. Ellis had reached maximum medical improvement.

On November 18, 2016, Dr. McCleary restricted Mr. Ellis from working until December 19, 2016. The claims administrator suspended Mr. Ellis's temporary total disability benefits on December 1, 2016, based on the independent medical evaluation of Dr. Bailey. On December 18, 2016, Mr. Ellis was seen by Dr. McCleary for right knee pain over the medial aspect of the knee. Dr. McCleary noted 120 degrees of knee flexion and extension, good muscle strength, and tenderness of the medial femoral condyle secondary to the friction pad syndrome. In an attending physician's report dated December 28, 2016, Dr. McCleary opined that Mr. Ellis had reached maximum medical improvement. He also opined that Mr. Ellis had been temporarily and totally disabled from July 21, 2016, through December 17, 2016. The claims administrator closed the claim for temporary total disability benefits on January 4, 2017.

Mr. Ellis returned to work on January 11, 2017. The next day he was treated in the emergency room at Logan Regional Medical Center for right knee and low back pain. Mr. Ellis's right knee was swollen and tender. The range of motion was limited due to pain. A right knee x-ray showed mild osteoarthritis. He was diagnosed with back pain, knee effusion, and knee pain. Mr. Ellis returned to see Dr. McCleary on January 18, 2017. Dr. McCleary noted diffuse swelling over the patellar tendon. Mr. Ellis said he was working when he felt a pop in his knee and fell to the ground. Dr. McCleary diagnosed right knee sprain; lumbar sprain; and sprain of the right knee, unspecified ligament, subsequent encounter. Dr. McCleary recommended a repeat MRI, intra-articular injections into the right knee, and took Mr. Ellis off work through March 18, 2017.

The claims administrator denied Dr. McCleary's request for a right knee MRI on February 13, 2017. Mr. Ellis had the MRI on February 15, 2017. It showed no evidence of a cruciate or collateral ligament tear and no meniscal injury. There was mild signal irregularity near the quadriceps tendon insertion on the patella, which was stable from the previous study. No

new abnormality was seen. On February 20, 2017, Dr. McCleary noted persistent pain in the medial aspect of the knee as well as mild paraspinal lumbar spasm. He took Mr. Ellis off of work through April 20, 2017.

Mr. Ellis testified via deposition on May 16, 2017, that he worked underground on the move crew putting structure in, moving belts, and cleaning for day shift. On the day he was injured, he was working in forty-two inches of coal. He was getting in a scoop to move a piece of the belt when he slipped and twisted his knee. After his surgery, the pain went right back to where it was. He is unable to sit or walk if he has to bend his knee. He had been unable to return to work because of his knee. Mr. Ellis had not sought treatment from Dr. McCleary since February of 2017 because he could not pay for the visits.

On May 31, 2017, Prasadarao Mukkamala, M.D., performed an independent medical evaluation at which time Mr. Ellis's chief complaint was right knee pain. He told Dr. Mukkamala he was unable to go on stairs due to the pain. On examination, Dr. Mukkamala noted normal range of motion of the right knee. He also noted no deformity, crepitus, instability, or swelling in the right knee. Dr. Mukkamala diagnosed sprained right knee, status post arthroscopic debridement of the fat pad. He opined that Mr. Ellis had reached maximum medical improvement and found no indication for a follow-up MRI, or any other medical treatment.

The Office of Judges reversed the claims administrator's suspension of temporary total disability benefits in its August 3, 2017, Order and authorized the benefits through April 20, 2017, and thereafter as substantiated by proper medical evidence. It noted that the claim was closed for temporary total disability benefits based on Dr. Bailey's November 10, 2016, evaluation in which she opined Mr. Ellis's right knee complaints had resolved. It determined that a preponderance of the evidence indicated the injury caused more than a knee sprain. The Office of Judges further found that Dr. Bailey understated Mr. Ellis's ongoing knee problems. Dr. McCleary continued to treat Mr. Ellis after Dr. Bailey's examination and after his attempt to return to work.

The Office of Judges also reversed the claims administrator's February 13, 2017, decision and granted authorization for the right knee MRI. The Office of Judges found that a preponderance of the evidence indicated that the right knee MRI was reasonable medical treatment for the work injury. It noted that physical therapy and surgery failed to improve Mr. Ellis's right knee symptoms and the MRI was needed due to the continued right knee complaints. Therefore, it was reasonable for Dr. McCleary to request the repeat MRI to address Mr. Ellis's post-surgery symptoms. The Office of Judges did not find Dr. Mukkamala's opinion to be a good indicator regarding Mr. Ellis's need for a repeat MRI.

On January 8, 2018, the Board of Review reversed and vacated the Office of Judges' August 3, 2017, Order. It did not agree with the reasoning of the Office of Judges. It determined that Dr. Bailey found Mr. Ellis to be at maximum medical improvement on December 10, 2016, and Dr. McCleary did on December 28, 2016. As Mr. Ellis returned to work on January 11, 2017, the claim administrator's closure of the claim for temporary total disability benefits was proper. Additionally, the Board of Review found that the preponderance of the evidence

3

established that the repeat right knee MRI was not reasonable and necessary medical treatment for the compensable injury.

After review, we agree with the reasoning and conclusions of the Board of Review. Having reached maximum medical improvement and having returned to work, Mr. Ellis was no longer entitled to temporary total disability benefits. Additionally, Drs. Bailey and Mukkamala both opined that Mr. Ellis needed no additional medical treatment. Therefore, the Board of Review did not err when it found that the request for a second right knee MRI was not due to the work injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 21, 2018**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING**:
Chief Justice Margaret L. Workman

4